**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br>                    Plaintiff, | Case No. 1:25-cv-02917<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)** |
| v. | |
| LAWNEWZ, INC.,<br>                    Defendant. | |

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in support of Defendant's Motion to Dismiss Plaintiff's Complaint, dated April 9, 2025, the exhibits attached thereto, and upon all the papers and proceedings previously had in this matter, Defendant respectfully moves this Court before the Honorable Jesse M. Furman United States District Court for the Southern District of New York, at the United States District Courthouse, 40 Foley Square, Courtroom 1105, New York, NY 10007, for an Order dismissing Plaintiff Christopher Sadowski's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the ground that defenses exist upon documentary evidence, together with such other and further relief as the Court deems just and proper.

## Table of Contents

INTRODUCTION ................................................................................................ 1-2

STANDARD OF REVIEW .................................................................................. 2-4

FACTUAL BACKGROUND ............................................................................... 4-5

ARGUMENT ......................................................................................................... 6

   I.    PLAINTIFF'S CLAIMS ARE MERITLESS AS DEFENDANT'S USE OF THE THUMBNAIL PHOTO CONSTITUTES FAIR USE ............................................... 6

      a.    Defendant's Use of the Photo was Transformative and for a News Reporting Purpose .............................................................................................................. 7

      b.    The Factual Nature of the Photo Favors Fair Use ..................................... 10

      c.    Defendant Did Not Use Any More of the Thumbnail Photo than Necessary for Fair Use……………………………………………………………………… 12

      d.    Defendant's Use Does Not Usurp the Market for Plaintiff's Work ........................ 14

   II.    PLAINTIFF'S CLAIMS ARE MERITLESS AS DEFENDANT'S USE WAS DE MINIMIS AND THEREFORE NOT SUBSTANTIALLY SIMILAR TO PLAINTIFF'S ORIGINAL PHOTO ............................................................................................. 16

   III.    DEFENDANT'S UTILIZATION OF THE PHOTO AS A THUMBNAIL IMAGE IS A NON-INFRINGING FAIR USE....................................................…..18

CONCLUSION ...................................................................................................... 19

## Table of Authorities

Cases

*Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*,
    598 U.S. 508 (2023) ............................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..........................................................................................2, 3

*Authors Guild v. Google Inc.*,
    804 F.3d 202, 214 (2d Cir. 2015) ............................................................8, 9, 11, 18

*A.V. ex rel. Vanderhye v. iParadigms, LLC,*
    562 F.3d 630 (2009) ............................................................................................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 433 (2007) ..........................................................................................2, 3

*Bill Graham Archives, LLC. v. Dorling Kindersley Ltd.*,
    386 F.Supp.2d 324, 329 (S.D.N.Y. May 2005)……………………......9, 12, 15, 18

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
    448 F.3d 605 (2d Cir. 2006) ..............................................................................7, 12

*Blanch v. Koons*,
    467 F.3d 244 (2d Cir. 2006) ..........................................................................8, 10, 12

*Burgin v. National Football League*,
    2014 WL 1760112……………………………………………………………………… 17

*Cali v. Chrysler Group, LLC*,
    426 Fed. App'x. 38 (2d Cir. 2011) .........................................................................3

*Cole v. John Wiley & Sons, Inc.*,
    2012 WL 3133520 (S.D.N.Y. 2012) ......................................................................4

*Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994) ..........................................................................................7, 8

*Capitol Records, LLC v. ReDigi Inc.*,
    910 F.3d 649 (2d Cir. 2018) ................................................................................14

*Cariou v. Prince*,
    714 F.3d 694 (2d Cir. 2013) ............................................................................8, 12

*Fox News Network, LLC v. TVEyes, Inc.*,

*43 F.Supp.3d 379 (S.D.N.Y. 2014)* ..................................................... *14*

*Giammatteo v. Newton,*
    452 Fed. App'x. 24 (2d Cir. 2011) ..........................................................3

*Gottlieb Dev. LLC. v. Paramount Pictures Corp.,*
    590 F. Supp. 2d 625 (S.D.N.Y. 2008) ...................................................16

*Hannley v. Mann,*
    2023 WL 3407183 (C.D. Ca. 2023).................................................…. 18

*Hughes v. Benjamin,*
    437 F. Supp. 3d 382 (S.D.N.Y. 2020) .....................................................6

*Kelly v. Arriba Soft Corp.,*
    336 F.3d 811 (9th Cir. 2003)...................................................... 13, 15

*King Spider LLC v. Panda (Hong Kong) Technology Co., Ltd.,*
    2025 WL 89123 (S.D.N.Y. 2025)....................................…..…... 10

*Lopez v. Big Commerce Inc.,*
    2017 WL 3278932 (S.D.N.Y. 2017)............................................… 18

*Marano v. Metro Museum of Art,*
    472 F. Supp. 3d 76 (S.D.N.Y. 2020) ......................................................14

*Marano v. Metropolitan Museum of Art,*
    844 Fed. App'x. 436 (2d Cir. 2021) ........................................................6

*Marvullo v. Gruner & Jahr,*
    105 F. Supp. 2d 225 (S.D.N.Y. 2000) .....................................................3

*Mathieson v. Associated Press,*
    1992 WL 164447 (S.D.N.Y. 1992) ..................................................7, 12

*Morris v. Wise,*
    2020 WL 2475839 (N.D. Ohio 2020)...................................................... 18

*NXIVM Corp. v. Ross Institute,*
    364 F.3d 471 (2d Cir. 2004) ....................................................................7

*Olkey v. Hyperion 1999 Term Trust, Inc.,*
    98 F.3d 2 (2d Cir. 1996) .........................................................................3

*Perfect 10, Inc. v. Amazon.com, Inc.*
    508 F.3d 1146 (9th Cir. 2007)............................................………... 18

*Perfect 10, Inc. v. Yandex N.V.,*
    2013 WL 4777189 (N.D. Ca. 2013)……………………….………………… 15

*Ringgold v. Black Entm't. T.V. Inc.,*
    126 F.3d 70 (2d Cir. 1997) ................................................................. 16

*Ritani, LLC v. Aghjayan,*
    970 F. Supp. 2d 232 (S.D.N.Y. 2013) ................................................. 4

*Rudkowski v. Mic Network, Inc.,*
    2018 WL 1801307 (S.D.N.Y. 2018) .................................................. 17

*Rosen v. eBay, Inc.,*
    2015 WL 16000081 (C.D. Ca. 2015)……………………………………… 13

*Sarl Louis Feraud Int'l v. Viewfinder, Inc.,*
    627 F. Supp. 2d 123 (S.D.N.Y. 2008) ................................................ 12

*Smith v. City of New York,*
    2013 WL 1903856 (S.D.N.Y. 2013) ..................................................... 3

*Swatch Grp. Mgmt. Servs. v. Bloomberg, L.P.,*
    742 F.3d 17, 89 (2d Cir. 2014) ......................................................... 12

*TCA Television Corp. v. McCollum,*
    839 F.3d 168 (2d Cir. 2016) ......................................................... 6, 14

*Wright v. Warner Books, Inc.,*
    953 F.2d 731 (2d Cir. 1991) ............................................................... 7

*Yang v. Mic Network Inc.,*
    2022 WL 906513 (2d Cir. Mar. 29, 2022)......................................... 6, 7

Statutes

17 U.S.C. § 107 ...........................................................................2, 6, 7

17 U.S.C. § 501 .................................................................................1

Rules

Federal Rule of Civil Procedure 12(b)(6)........................................ 1-4, 6, 17

Defendant LawNewz, Inc. ("Law&Crime" or "Defendant") respectfully requests that the Court dismiss Plaintiff Christopher Sadowski's ("Plaintiff") Complaint pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), for failure to state a claim upon which relief can be granted in its entirety.

## **INTRODUCTION**

Plaintiff Christopher Sadowski, an individual claiming legal and rightful ownership over the materials at issue in this case (*see* Plaintiff's Complaint, ECF Doc. No. 1, ¶ 2) (hereinafter "Plaintiff's Complaint"), has insufficiently set forth claims alleging that Defendant engaged in willful copyright infringement of one (1) photo (the "Photo"), that Plaintiff incorrectly alleges was shown in one (1) video posted to Law&Crime's Facebook account on July 5, 2024, originally entitled "P. Diddy Grand Jury Probe Confirmed as New Allegations Exposed",[1] but was never actually shown in the playing of the video. The Photo depicts a general image of a courthouse and nowhere in the playing of the video is the Photo actually shown – instead, only a portion of the Photo was used as a brief thumbnail image for the video, as the thumbnail Photo was partially covered by another photo showing Sean Combs (*see* Plaintiff's Complaint, ECF Doc. No. 1, Exhibit 2). Plaintiff specifically alleges that Defendant has engaged in copyright infringement pursuant to 17 U.S.C. § 501 by infringing Plaintiff's right to reproduce, distribute, and publicly display his work. Simply put, Plaintiff's copyright infringement claims fail because Plaintiff's Complaint fails to state a claim upon which relief can be granted, as required by the Federal Rules of Civil Procedure.

---

[1] See:  *P. Diddy Grand Jury Probe Confirmed as New Allegations Exposed*, FACEBOOK, July 5, 2024, https://www.facebook.com/lawandcrime/videos/p-diddy-grand-jury-probe-confirmed-as-new-allegations-exposed/372023729245339/.

*First*, Plaintiff's claims fail pursuant to the fair use doctrine, as Defendant's use of the Photo falls squarely within the "news reporting and "commentary" exceptions of fair use enumerated in the Copyright Act. 17 U.S.C. § 107. An analysis of the fair use factors establishes that Defendant's use of the thumbnail Photo was (i) fair use, as the thumbnail Photo was used for news reporting purposes, to provide context to the actual content of the video itself, which discussed the latest probes by the grand jury during Sean Combs' case, which at that point had not yet resulted in his indictment; (ii) courts within this Circuit and others have held that displaying a thumbnail photo of a video (similar to what occurred in this matter) is a form of non-infringing fair use, and any copyright claims thereof must fail; and (iii) Defendant's usage of the underlying Photo is de minimis, as it consisted of a mere thumbnail image, which was partially obscured and shown on the preview of the actual video, and never once was the underlying Photo shown in the actual playing of the video.

For these reasons and those discussed in greater detail herein, Plaintiff's Complaint warrants dismissal in its entirety.

## STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6) where the complaint fails to state a claim upon which relief should be granted ("Rule 12(b)(6)"). "To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 433, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, a "plaintiff must allege 'more than a sheer possibility that a defendant acted unlawfully'" and a "complaint that offers only 'labels and conclusions' or a

'formulaic recitation of the elements of a cause of action will not do.'" *Smith v. City of New York*, 2013 WL 1903856, at *2 (S.D.N.Y. May 8, 2013) (granting defendant's Rule 12(b)(6) motion)). This standard has been upheld by the Second Circuit for years. *See Giammatteo v. Newton*, 452 Fed. App'x. 24 (2d Cir. 2011) (upholding lower court's dismissal of plaintiff's complaint pursuant to Rule 12(b)(6)); *Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 9 (2d Cir. 1996) (upholding the lower court's dismissal, stating that "dismissal under Rule 12(b)(6) is appropriate because 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations'"); *Cali v. Chrysler Group, LLC*, 426 Fed. App'x. 38 (2d Cir. 2011) (upholding the lower court's dismissal of plaintiff's claim pursuant to Rule 12(b)(6).

Moreover, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and Plaintiff must allege sufficient facts to "nudge their claims across the lien from conceivable to plausible." *Twombly*, 550 U.S. at 570 (dismissing plaintiff's complaint for failure to state a claim under rule 12(b)(6)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (holding the plaintiff failed to plead sufficient facts to survive a Rule 12(b)(6) motion to dismiss). Plaintiff must do more than allege bare legal conclusions with no factual support to survive a motion to dismiss pursuant to Rule 12(b)(6).

Courts in this circuit have granted Rule 12(b)(6) motions to dismiss when it is clear that the face of the complaint alleging copyright infringement fails to meet the standards set by the Federal Rules of Civil Procedure. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 233 (S.D.N.Y. 2000) (granting defendant's Rule 12(b)(6) motion to dismiss, as the court noted plaintiff's allegations of direct copyright infringement suffered from "…fatal defects, including of

vagueness and conclusoriness…"). When there are no facts supplied in a plaintiff's complaint regarding the actions alleged (particularly in regard to copyright infringement claims), courts in this circuit have dismissed such pleadings in their entirety, in accordance with Rule 12(b)(6). *See Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520, at *17 (S.D.N.Y. Aug. 1, 2012) (dismissing plaintiff's amended complaint entirely, as "Plaintiff has pleaded no facts capable of showing that Wiley's alleged fraudulent acts…led to any direct and proximate loss…that would have been caused by Wiley's copyright infringement"); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 262 (S.D.N.Y. 2013) (upholding aspects of lower court's dismissal pursuant to Rule 12(b)(6), stating that "Ritani, however, offers no facts supporting the conclusory allegation that an alleged loss of sales resulted from any wrongful conduct by Aghjayan, or that Aghjayan even possessed confidential information or used such information inappropriately").

When courts within this circuit have determined that if a plaintiff's complaint fails to provide sufficient factual contentions and to state a claim upon which relief can be granted, that warrants dismissal of the pleading in its entirety.

## **FACTUAL BACKGROUND**

LawNewz, Inc. (d/b/a "Law&Crime"), is a multi-platform media company providing coverage of the largest courtroom trials across the nation, sharp legal news and analysis, and gripping true crime content. Founded in 2016 by television host and ABC News' Chief Legal Analyst, Dan Abrams, Law&Crime has been the go-to source for delivering breaking news within the legal space for nearly a decade. Plaintiff Christopher Sadowski is an individual claiming to be a "professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses." *See* Plaintiff's Complaint, ECF. Doc. No. 1, ¶ 12. At issue in this case is the general photograph Plaintiff took of the exterior of an unidentified courthouse,

which Plaintiff claims he created "with the intention of it being used commercially and for the purpose of display and/or public distribution." *See Id.* at ¶ 20.

The Photo of the exterior of a courthouse was partially used by Law&Crime as a mere thumbnail image for the video published to Law&Crime's Facebook account, on July 5, 2024 and *never once* was the underlying Photo shown in the actual playing of the Video. Moreover, the entirety of the Photo was not used as the thumbnail image – rather, nearly half of the image was covered by a photo of Sean Combs, the subject of the video. Further, the Photo was utilized to provide further context for the viewer regarding the subject matter of the underlying video – specifically, to provide coverage of breaking news that another lawsuit was being filed against Combs alleging misconduct, and that at the time, outlets were reporting that a federal grand jury in New York was hearing evidence about Combs (which ultimately led to his eventual indictment just two months later).

It is clear that Plaintiff has failed to properly allege that Defendant's usage of the Photo constitutes copyright infringement and that dismissal of Plaintiff's claims is warranted due to the fact that (i) Defendant's use of the Photo as a partially obscured thumbnail image that was not displayed or shown even once in the actual playing of the Video constituted fair use; (ii) Defendant's usage of the Photo itself was de minimis; and (iii) usage of a photo as a thumbnail image in a video has been upheld by courts as non-infringing.

Thus, dismissal of Plaintiff's Complaint in its entirety is warranted for the reasons set forth herein.

## ARGUMENT

### I.    PLAINTIFF'S CLAIMS ARE MERITLESS AS DEFENDANT'S USE OF THE THUMBNAIL PHOTO CONSTITUTES FAIR USE

Defendant's use of the Photo is permissible by law, as an analysis of the fair use factors demonstrates that Defendant's use constitutes as fair use, and therefore does not violate Plaintiff's exclusive rights to the Photo. The Copyright Act states that "the fair use of a copyrighted work, including such use … for purposes such as criticism, comment, [or] news reporting … is not an infringement of copyright." 17 U.S.C. § 107. Defendant's use of the Photo as a thumbnail image constitutes fair use primarily because its usage falls squarely within the news reporting, commentary, and criticism exception of fair use enumerated in the Copyright Act. Further, the four factors courts utilize when determining fair use all weigh in favor of Defendant.

The Second Circuit "has acknowledged the possibility of fair use being so clearly established by a complaint as to support dismissal of a copyright infringement claim" on a Rule 12(b)(6) motion. *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016). Accordingly, this Court has considered fair use when granting a defendant's Rule 12(b)(6) motion to dismiss by comparing the allegedly infringing work described in the complaint with the original, and the Second Circuit has affirmed dismissal on these grounds. *See, e.g., Yang v. Mic Network Inc.*, 2022 WL 906513, at *1, *3 (2d Cir. March 29, 2022); *Hughes v. Benjamin*, 437 F. Supp. 3d 382, 395 (S.D.N.Y. Feb. 3, 2020); & *Marano v. Metropolitan Museum of Art*, 844 Fed. App'x. 436, 439 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 213 (2021).

When determining whether the use of a work constitutes fair use, courts examine four factors provided by the Copyright Act: (1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and (4) the effect of the use upon the potential market for or value

of the copyrighted work. 17 U.S.C. § 107. Courts examine all four of these factors on a separate basis and then balance them together collectively, "in light of the purposes of copyright," with no single factor being entirely dispositive. *Bill Graham Archives v. Dorsley Kindersley Ltd.*, 448 F.3d 605, 608 (2d Cir. 2006) & *NXIVM Corp. v. Ross Institute*, 364 F.3d 471, 479 (2d Cir. 2004). If a majority of the factors weigh in favor of a fair use finding, then the use at issue is considered fair use, and dismissal of the pleading is usually granted. *See Yang*, 2022 WL 906513, at *1, *3.

In this instance, Defendant's utilization of the Photo as a thumbnail image constitutes as fair use, as all four factors of the fair use doctrine have unquestioningly been met to the extent that Plaintiff's Complaint cannot possibly state a plausible claim for copyright infringement.

### a. Defendant's Use of the Photo Was Transformative and for a News Reporting Purpose

With respect to the first factor, which examines the purpose and character of the use of the work at issue, "the enquiry focuses on whether the new work merely supersedes the objects of the original creation, or whether and to what extent it is transformative, altering the original with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) & *Mathieson v. Associated Press*, 1992 WL 164447 (S.D.N.Y. June 24, 1992). Section 107 of the Copyright Act specifically carves out news reporting, commentary, and criticism as protectable fair use purposes, and the Second Circuit has held that "if a [work] falls into one of these categories […] assessment of the first fair use factor should be at an end." *Wright v. Warner Books, Inc.*, 953 F.2d 731, 737 (2d Cir. 1991). The actual Video was coverage of a breaking news story at the time – specifically, the latest lawsuit filed against Sean Combs and reports that a New York federal grand jury began to hear evidence regarding Combs (eventually culminating in his September 2024 indictment by the Southern District of New York). The use of the Photo as a thumbnail image assisted in providing context to the viewer as to what they were about to watch, as it consisted of

an image of a non-identified photo of a courthouse, emphasizing the key role the grand jury played were about to play in Combs' eventual indictment. As such, the purpose of the use of the Photo as a thumbnail image was journalistic, assisting to provide context to the viewer regarding the subject matter of the underlying video. Moreover, the news-worthiness purpose is proven even further by the fact that the video was published on July 5, 2024, ensuring Law&Crime viewers would be able to receive this news and unique take on the issue in a timely manner (in or around the same time the news actually occurred). Law&Crime is a multi-platform news company focused on, among other things, providing coverage of breaking news in the legal realm and ongoing court cases, investigations, and trials. Thus, its timely reporting of this development in Combs' case and its fair use of the image is precisely the entire purpose of Law&Crime as a whole, and therefore strengthens the position that the use was purely for news reporting purposes.

Moreover, the use of the Photo is clearly transformative. A use is transformative if it "communicates something new and different from the original or expands its utility." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 214 (2d Cir. 2015). The Second Circuit has observed that "[t]he law imposes no requirement that a work comment on the original or its author in order to be considered transformative…" *Cariou v. Prince*, 714 F.3d 694, 706 (2d Cir. 2013) *cert. denied*, 571 U.S. 1018 (2013). Rather, a use is transformative as long as it "adds something new, with a further purpose or different character." *Campbell*, 510 U.S. at 579. For example, in *Blanch v. Koons*, the Second Circuit held that a visual artist made a transformative use of a copyrighted picture of a woman's legs and glittery Gucci sandals. 467 F.3d 244, 251-53 (2d Cir. 2006). The artist copied the image, originally intended to communicate a sexualized, glamorous lifestyle, and included it in a collage painting as part of an artistic commentary on the banality of mass media. *Id.* The court

found that the purpose of the collage as distinct from the original work, and the use was thus found to be fair.

Here, Defendant's usage of the Photo was clearly transformative, both in how the Photo was actually used for purposes of reporting on the story, as well as the purposes of the use itself. Firstly, the Photo itself was not used in its original form – rather, Law&Crime used a significantly altered version of the Photo for purposes of news reporting: i) first, the original image itself was not displayed once in the Video; ii) as the thumbnail image, Defendant utilized a clearly much smaller version than the original Photo; and iii) the Photo shown as a thumbnail image was nearly half covered by another photo of Sean Combs (the subject of the video itself). Further, the Photo was not being used by Defendant for the same purposes as its original function – Defendant purports in his complaint that the purpose of the photo was created with the intention of it being used commercially and for the purpose of display/public distribution (*see* Plaintiff's Complaint, ECF Doc. No. 1, ¶ 20), whereas Defendant's main purpose in utilizing the thumbnail was purely for news reporting, in an effort to provide adequate and critical context to the viewer as to the importance of the role the grand jury and the overall legal system would play in Combs' eventual indictment. Defendant's transformative purpose provides new context to the Photo that Defendant used in its reporting by presenting it in a different light from its original intention. Defendant did not merely use the Photo as a generic stock photo to drum up more views, but rather it was used as a helpful illustration of the subject of the underlying video itself. In such an instance, courts have deemed such usage of a thumbnail image as transformative. See: *Bill Graham Archives, LLC. v. Dorling Kindersley Ltd*., 386 F.Supp.2d 324, 329 (S.D.N.Y. May 12, 2005)(stating "… his use is sufficiently transformative, and different from the original purpose to advertise, draw attention to and solicit listeners to an event, such that the market is not one expected to be reserved to the

copyright holder."); *Authors Guild*, 804 F.3d at 220 (2d Cir. 2015)("… the second factor favors fair use… because the secondary use transformatively provides valuable information about the original, rather than replicating protected expression in a manner that provides a meaningful substitute for the original."); & *King Spider LLC v. Panda (Hong Kong) Technology Co., Ltd.*, 2025 WL 89123, 24-CV-2668, *8 (S.D.N.Y. Jan. 14, 2025)(granted defendant's motion to dismiss, stating: "… a search engine's display of thumbnail images in search results amounts to non-infringing fair use."). Further, even if the website in question which displayed a thumbnail version of the original photo is not a standard search engine such as Google or Yahoo!, courts have still ruled websites with search functionality can still adopt this ruling. See: *King Spider LLC,* 2025 WL 89123 at *8: "The Court finds that the images displayed on Pandabuy's website are akin to images being collated by a Google search." As such, Defendant's transformative usage of the Photo as a thumbnail image for news reporting purposes clearly meets the first factor of the fair use analysis.

### b. The Factual Nature of the Photo Favors Fair Use

The second factor analyzes the nature of the copyrighted work and considers "(1) whether the work is expressive or creative, such as a work of fiction, or more factual, with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower." *Blanch*, 467 F.3d at 256 (citation omitted). The second factor favors Defendant because the underlying Photo itself is factual and non-creative in nature, and therefore does not warrant further protection in terms of copyright.

First, the photo (and the thumbnail Photo derived therefrom) is completely factual and informational. The face of Plaintiff's Complaint even makes clear that the thumbnail Photo comes

from a non-creative, factual Photo taken of a courtroom. Indeed, the Photo was captured with little to no creative input from Plaintiff, as Plaintiff merely captured the courthouse exterior and the Photo did not have additional artistic input such as coloring, lighting, or other individuals or props. This type of circumstance has generally been deemed as more factual than expressive. See: *Authors Guild*, 804 F.3d at *220: deeming fair use present after snippet views of books, or thumbnails, were featured on Google Books, noting the books were factual and that "Courts have sometimes speculated that this might mean that a finding of fair use is more favored when the copying is of factual works than when copying is from works of fiction." & *A.V. ex rel. Vanderhye v. iParadigms, LLC,* 562 F.3d 630, 641 (4th Cir. 2009)(affirmed district court granting summary judgment to defendant regarding plaintiff's copyright infringement claim, stating "… even if the plaintiffs' works were highly creative in nature, iParadigms' use of the plaintiffs' works was not related to the creative core of the works.").

While some courts within this Circuit have relied upon the recent Supreme Court decision in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023) for more recent guidance regarding fair use, in which the Supreme Court of the United States found fair use was not present as the works at issue shared a similar purpose in the depiction of two photos of musical artist Prince, Defendant respectfully avers that *Warhol* is inapplicable to the instant case. Firstly, the works at issue in *Warhol* were creative and artistic in nature, as they involved creative portraits of a famous musician. This greatly differs from the instant matter, as the work at issue here is a trivial thumbnail Photo of a larger original photo capturing a general courthouse, with no other artistic input, for the purposes of reporting on breaking news regarding the highly-followed case of Sean Combs, which has been covered and followed by thousands all around the world. Secondly, the Supreme Court viewed the purposes of the works as similar in *Warhol*, whereas here

11

the purposes of the usage of the thumbnail Photo differ from the original purpose of the Photo. While Plaintiff took the original Photo to merely take a photo of a non-descript courthouse exterior, here the Defendant utilized a trivial thumbnail of the Photo to serve the purpose of apprising the general public of a newsworthy event and to provide more background and context to Sean Combs' developing legal case. As a result, Defendant is of the position that *Warhol* is distinguishable and therefore inapplicable to the facts of this instant matter.

### c. Defendant Did Not Use Any More of the Thumbnail Photo than Necessary for Fair Use

The third factor, which looks at the amount and substantiality of the original work used, considers whether "the quantity and value of the materials used are reasonable in relation to the purpose of the copying." *Swatch Grp. Mgmt. Servs. v. Bloomberg, L.P.*, 742 F.3d 17, 89 (2d Cir. 2014) (quoting *Campbell*, 510 U.S. at 586); *Blanch*, 467 F.3d at 257. It is well-established in the Southern District of New York that "a commentator may fairly reproduce as much of the original, copyrighted work as is necessary to his proper purpose." *See Mathieson*, 1992 WL 16447, at *8; *Bill Graham Archives*, 448 F.3d at 613 (finding fair use even though the photographs at issue were "reproduced in their entirety"); *Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 627 F. Supp. 2d 123, 133 (S.D.N.Y. Dec. 19, 2008) ("[T]he Second Circuit has found that entire reproductions can be justifiable where the purpose of the secondary work differs from the original."). This is particularly true for transformative works, which "must be [permitted] to 'conjure up' at least enough of the original' to fulfill its transformative purpose." *Cariou*, 714 F.3d at 710 (quoting *Campbell*, 510 U.S. at 588).

First, Defendant merely used a thumbnail photo of the original Photo (as opposed to utilizing the original Photo in its original, larger size) which courts have found to be a trivial, de minimis use as it constitutes only a small fragment of the larger Photo. See: *Bill Graham Archives,*

*LLC* at 329. Second, the entirety of the underlying Photo was not utilized in the thumbnail, as the photo was partially covered by a photo of Sean Combs (the main subject of the actual video), therefore even further obscuring the original Photo. Third, Defendant utilized the Photo to provide further context to the video, a piece of critical news reporting commenting on then-breaking news (specifically, a then-tenth lawsuit filed against Combs alleging misconduct, and with news sources stating a federal grand jury in New York was hearing evidence about Combs, which ultimately led to his eventual indictment that occurred just two months later). Defendant utilized the Photo to provide the public with further context regarding this newsworthy event on Combs' then-developing legal case and to provide more explanation as to the grand jury/court's role in pushing along Combs' indictment. It was necessary for Defendant to include a visual reference, as the thumbnail photo to help represent the court/grand jury's critical role in pushing along Combs' case and eventual indictment. Defendant's usage of the Photo was therefore necessary in order for Defendant to fulfill its transformative purpose. When defendants have utilized portions or derivatives of a work via a thumbnail (as is the case here), courts have ruled in favor of fair use. See: *Rosen v. eBay, Inc*., 2015 WL 16000081, No. CV13-6801 MWF, *19 (C.D. Ca. Jan. 16, 2015)(" That the image is only derivatively a copy of Rosen's work further supports the Court's determination that the extent of copying is reasonable.") & *Kelly v. Arriba Soft Corp*., 336 F.3d 811, *821 (9th Cir. 2003)("… although Arriba did copy each of Kelly's images as a whole, it was reasonable to do so in light of Arriba's use of the images. It was necessary for Arriba to copy the entire image to allow users to recognize the image…").

Accordingly, this factor weighs in favor of Defendant.

### d. Defendant's Use Does Not Usurp the Market for Plaintiff's Work

The fourth and final factor in the fair use inquiry analyzes the effect of Defendant's use on the market for the underlying Photo or its derivatives. This factor too strongly weighs in favor of Defendant, therefore warranting dismissal of Plaintiff's Complaint. The fourth factor requires courts to consider "whether the copy brings to the marketplace a competing substitute for the original, or its derivative, so as to deprive the rights holders of significant revenues because of the likelihood that potential purchasers may opt to acquire the copy in preference to the original." *See Marano v. Metro Museum of Art*, 472 F. Supp. 3d 76, 87 (S.D.N.Y. Jul. 13, 2020) (finding fair use and stating that courts are of the position that "the more transformative the secondary use, the less likelihood that the secondary use substitutes for the original"); *TCA Television Corp.*, 151 F. Supp. 3d at 434 (dismissing plaintiff's claims entirely, finding fair use was present and stating that "it was unlikely that a reasonable observer of the new work would find that […] reenactment […] could usurp the market for the original […] performance of the Routine"). Moreover, "[f]actor [f]our is necessarily intertwined with [f]actor [o]ne; the more the objective of secondary use differs from that of the original, the less likely it will supplant the commercial market for the original." *Capitol Records, LLC v. ReDigi Inc.*, 910 F.3d 649, 662 (2d Cir. 2018).

No plausible inference can be made from the face of Plaintiff's Complaint that any potential licensee could have received from the thumbnail Photo what they would have received by licensing the Photo directly from Plaintiff. It is implausible that any person seeking out a license for the Photo would opt for the obscured thumbnail Photo used by Defendant in the Video, rather than the actual Photo created by Plaintiff. In terms of thumbnails specifically, courts have ruled that if a thumbnail usage of an underlying photo or piece of content differs from the original and does not serve as a replacement, the fourth fair use factor is weighed in defendant's favor. See: *Fox News Network, LLC v. TVEyes, Inc*., 43 F.Supp.3d 379, 396 (S.D.N.Y. Sept. 9, 2014)("No

reasonable juror could find that people are using TVEyes as a substitute for watching Fox News broadcasts on television. There is no history of any such use, and there is no realistic danger of any potential harm to the overall market of television watching from an "'unrestricted and widespread conduct of the sort engaged in by defendant.'") & *Kelly*, 336 F.3d at 821 (thumbnail reproduction of photographs in search engine constituted fair use in part because the thumbnails did not harm the market for the original, underlying images).

As previously explained, Defendant's use of the Photo was quintessentially transformative, utilizing the Photo not just as a visual aid for the content of the video itself, but helping to illustrate the critical role that the court/grand jury played in this aspect of Combs' case. Moreover, Defendant's transformative use of the Photo makes it less likely for the Court to find Defendant's use substituted for the Photo; as stated, the original photo was not utilized or shown in the Video, but rather a smaller version of the Photo was utilized as a thumbnail and that thumbnail image was significantly covered/obscured by a photo of Combs. See: *Bill Graham Archives, LLC* at 329 ( "…the significant reduction to thumbnail size of the images indicates an entirely different use of the image… The transformative nature of the images supports a finding in favor of defendants.") & *Perfect 10, Inc. v. Yandex N.V.*, 2013 WL 4777189, No. C 12-01521, *7 (N.D. Ca. Sept. 6, 2013)(disposed of Perfect 10's direct infringement claims entirely, stating in regard to this factor: "In sum, there is no evidence in the record that Yandex.com's use of thumbnail versions of Perfect 10's image during a nine-month period had any effect on the market for those same images.").

And finally, Plaintiff's Complaint is utterly devoid of the specific monetary drawbacks, loss of revenues, or decreases of business revenue as a result of Defendant's use of the thumbnail Photo in the video. The underlying Photo at issue was taken nearly five years ago (*see* Plaintiff's Complaint, ECF Doc. No. 1, ¶ 19) and is a generic image taken of an unidentified courthouse

exterior, which is similar in nature to countless other stock photographs taken of the same image. The Photo does not feature prominent individuals or public figures, does not show an unusual or highly attended event, and does not constitute a photo or form of media that went "viral" – therefore, the likely minimal value of a generic image of a courthouse taken years ago would not be usurped by Defendant's usage. Therefore, Plaintiff has failed to sufficiently allege any actual harm in regard to monetary decrease, market value, or any other similar reductions.

Accordingly, the fourth factor weighs in favor of Defendant, and balancing all four fair use factors together, the Court should find that Defendant's fair use defense appears on the face of Plaintiff's Complaint, therefore warranting dismissal of this action.

## II.    PLAINTIFF'S CLAIMS ARE MERITLESS AS DEFENDANT'S USE WAS DE MINIMIS AND THEREFORE NOT SUBSTANTIALLY SIMILAR TO PLAINTIFF'S ORIGINAL PHOTO

It is well established that in order to prevail on claims of copyright infringement a plaintiff "must prove that (1) unauthorized copying of the copyrighted work occurred, and (2) the infringing work is substantially similar." *See Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d, 625 631 (S.D.N.Y. Dec 29, 2008)(granting defendant's motion to dismiss in its entirety with prejudice). Moreover, to prove substantial similarity, "a plaintiff must show (i) that it was protected expression in the earlier work that was copied and (ii) that the amount that was copied is ***more than de minimis***." *See id.* (emphasis added) (internal quotation marks omitted). As the Court in *Gottlieb Dev*. explained, "there is a difference between 'factual copying and actionable copying'" *See id.* (quoting *Ringgold v. Black Entm't. T.V. Inc.*, 126 F.3d 70, 75 (2d Cir. 1997). In further explanation of this principle, the Court stated that "…if the copying is *de minimis* and so trivial as to fall below the quantitative threshold of substantial similarity, the copying is not actionable." *See id.* In assessing whether a use is de minimis, "courts often look to the amount of the copyrighted

work that was copied. This quantitative component must be considered together with the qualitative similarity between the two works, with the Court asking whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *See Rudkowski v. Mic Network, Inc.*, 2018 WL 1801307, at *4. (S.D.N.Y. March 23, 2018).

Applying these principles to the instant litigation, it is clear that Plaintiff cannot and has not proven that Defendant's use of the Photo as a thumbnail image (which was not displayed or shown once during the actual video) was substantial enough to meet the required threshold in order to have an actionable copyright infringement claim within this Circuit or others. The Court's analysis in *Rudkowski v. Mic Network, Inc.* makes it all the more clear that Defendant's use of the thumbnail photo in this matter is not actionable. *Id*. Even further, in *Burgin v. National Football League*, the court ruled that the defendant's usage of the copyrighted images in television shows and films did not count as copyright infringement, as the fact that the "final inclusion of plaintiffs copyrighted content is included as a rotating thumbnail image on the site's landing page… illustrates that the copyright violation here is de minimus." *Burgin v. National Football League*, 2014 WL 1760112, 13 CIV. 8166, *2 (S.D.N.Y. April 30, 2014).

Furthermore, courts in the Southern District of New York have dismissed copyright infringement claims pursuant to Rule 12(b)(6) where no substantial similarity was found, as is the case here, due to Defendant's de minimis use of the thumbnail Photo of the original photo. In this action, there is no substantial similarity between the original Photo and Defendant's usage of it as a thumbnail image, as the Photo was i) significantly minimized size-wise; ii) partially obscured by another image; and iii) not displayed once in full-context in the video, but used as a mere thumbnail.

Thus, Plaintiff's Complaint should be dismissed, as Defendant's use of the thumbnail Photo was de minimis and therefore does not meet the substantial similarity threshold, which is required in order for Plaintiff to advance an actionable claim of copyright infringement.

### III.    DEFENDANT'S UTILIZATION OF THE PHOTO AS A THUMBNAIL IMAGE IS A NON-INFRINGING FAIR USE

Courts within this circuit and other courts have ruled that a search engine's display of thumbnail images is non-infringing fair use, and therefore any copyright infringement claim against such usage must fail. *See Authors Guild*, 804 F.3d at 229 (holding that "Google's unauthorized digitizing of copyright-protected works, creation of a search functionality, and display of snippets from those works are non-infringing fair uses"); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1168 (9th Cir. 2007) (holding that Google's display of thumbnail images in search results is likely to be a fair use), & *Lopez v. Big Commerce, Inc.*, 2017 WL 3278932, 16-CV-8970, *4 (JPO)(S.D.N.Y. Aug 1. 2017)("However, because a search engine's display of thumbnail images in search results is a non-infringing fair use, this theory of copyright infringement fails.") Similarly in this instance, a search within the Facebook account of Law&Crime demonstrates this thumbnail photo constituted non-infringing usage, as Facebook is an online platform that users must search through for content, (whether the search is for an individual, a group, or news content) on which the Photo was utilized as a thumbnail image. See: *Hannley v. Mann*, 2023 WL 3407183, 2:21-CV-02043-JLS (C.D. Ca. March 8, 2023)(Court ruled in favor of defendant after deeming thumbnail of a YouTube video was fair use) & *Morris v. Wise*, 2020 WL 2475839, 1:19-CV-2467, *1 (N.D. Ohio May 13, 2020)(Dismissed federal copyright infringement claim as "the allegedly infringing use was clearly transformative…"); regarding use of a copyrighted image on a video thumbnail published on the defendants' YouTube channel); & *Bill Graham Archives, LLC.*, 386 F.Supp.2d at 329: Ruling multiple contested thumbnail poster

images was fair use ("… the significant reduction to thumbnail size of the images indicates an entirely different use of the image."). The precedent in both this circuit and others outline a clear line of precedent which enables Defendants to utilize thumbnail images of certain content, particularly if it constitutes fair use and is for news reporting purposes, as is the case here.

IV.    **CONCLUSION**

For all the aforementioned reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, as Defendant's usage of the Photo (i) is fair use; (ii) is de minimis, and therefore does not meet the substantial similarity threshold; and (iii) courts have routinely held that thumbnail images, particularly those found displayed within search engines, do not constitute copyright infringement.

Respectfully submitted,

*/s/ Elizabeth Vulaj*
Elizabeth Vulaj, Esq.
**LawNewz, Inc.**
Business & Legal Affairs
1261 Broadway, Sixth
Floor New York, NY
10001 Telephone: (646)
370-1258
Email:
elizabeth@lawandcrime.com
*Attorneys for Defendant*
*LawNewz, Inc.*

Respectfully submitted,

*/s/ Andrew Eisbrouch*
Andrew Eisbrouch, Esq.
**LawNewz, Inc.**
Business & Legal Affairs
1261 Broadway, Sixth
Floor New York, NY
10001 Telephone: (646)
370-1258

Email:
andrewe@lawandcrime.co
m
*Attorneys for Defendant
LawNewz, Inc.*